UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LOWER MANHATTAN DISASTER SITE
LITIGATION

JANETH CASTRO

                          Plaintiffs,

- against -

(SEE SECTION IV., PARTIES, WITHIN)

                          Defendants.

21 MC 102 (AKH)

DOCKET NO.
COMPLAINT BY ADOPTION
(CHECK-OFF COMPLAINT)
RELATED TO THE
MASTER COMPLAINT

PLAINTIFF(S) DEMAND A
TRIAL BY JURY

      This Pro-forma Complaint by Adoption (Check-off) and the Master Complaint which it adopts is being filed pursuant to the Order Regulating Proceedings, Judge Alvin K. Hellerstein, June 4, 2007, as relates to 21 MC 102 (AKH). Guidelines and other directives relative to additional filings, amendments, corrections and other matters as relate to the individual Complaint by Adoption (Check-off Complaint) to be filed by the individual plaintiffs, in accordance with said Order, will be addressed by the Court in the future CMO.

## I.
## INTRODUCTION

      A Plaintiff-Specific Complaint by Adoption (Check-Off Complaint), in the within format, is to be filed by each Plaintiff, and to be utilized and read in conjunction with the Master Complaint on file with the Court. Where applicable to the instant Plaintiff(s), specific paragraphs are to be marked with an "☑," and specific case information is to be set forth, inserting said information in the blank space, if provided. If Plaintiff wishes to assert additional allegations, plaintiffs should follow the procedure as outlined in the CMO# ___ governing the filing of the Master Complaint and Check-off Complaints.

Plaintiffs, as captioned above, by his/her/their attorneys, complaining of Defendant(s), respectfully allege:

☑ 1. All headings, paragraphs, allegations and Causes of Action in the entire Master Complaint are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein, in addition to those paragraphs specific to the individual Plaintiff(s), which are included below or annexed in a rider.

☑ 2. Plaintiffs adopt those allegations as set forth in the Master Complaint Section I, Introduction Notice of Adoption.

## II.
## JURISDICTION

☑ 3. Plaintiffs adopt those allegations as set forth in the Master Complaint Section II, Jurisdiction.

☑ 4. The Court's jurisdiction over the subject matter of this action is: Founded upon Federal Question Jurisdiction specifically

☐ 4A. Air Transport Safety & System Stabilization Act of 2001, (or)

☐ 4B. Federal Officers Jurisdiction, (or)

☐ 4C. This Court has supplemental jurisdiction pursuant to 28 USC §1367(a) based upon the New York Labor Law §200 and §241(6), and common law negligence.

☐ 4D. Other if an individual plaintiff is alleging a basis of jurisdiction not stated above, plaintiffs should follow the procedure as outlined in the CMO# __ governing the filing of the Master Complaint and the Check-Off Complaints.

☑ 5. The Court's jurisdiction of the subject matter of this action is: Contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. §1441.

## III.
## VENUE

☑ 6. Plaintiffs adopt those allegations as set forth in the Master Complaint Section III, Venue.

**IV.**

**PARTIES**

☑ 7. Plaintiffs adopt those allegations as set forth in the Master Complaint Section IV, Parties.

☑ 8. THE INJURED PLAINTIFF'S NAME IS (referencing the individual specifically injured/deceased, hereinafter referred to as "Decedent Plaintiff"): <u>JANETH CASTRO</u>

☑ 9. THE INJURED PLAINTIFF'S ADDRESS IS: <u>109-36 97th Street, Ozone Park, NY, 11417</u>.

☐ 10. THE REPRESENTATIVE PLAINTIFF'S NAME IS (if "Injured Plaintiff" is deceased): _____(hereinafter referred to as the "Representative Plaintiff")

☐ 11. THE REPRESENTATIVE PLAINTIFF'S ADDRESS IS (if "Injured Plaintiff" is deceased): _____

☐ 12. THE REPRESENTATIVE PLAINTIFF (if "Injured Plaintiff" is deceased) was appointed as Administrator of the Goods, Chattels and Credits which were of the "Injured Plaintiff" on _____, by the Surrogate Court, County of _____, State of New York.

☐ 13. THE REPRESENTATIVE PLAINTIFF (if "Injured Plaintiff" is deceased) was appointed as Executor of the Estate of the "Injured Plaintiff" on _____, by the Surrogate Court, County of _____, State of New York.

☐ 14. THE DERIVATIVE PLAINTIFF'S NAME: (hereinafter referred to as the "Derivative Plaintiff" and if deceased, hereinafter referred to as "Decedent Derivative Plaintiff") _____

☐ 15. THE DERIVATIVE PLAINTIFF'S ADDRESS: _____

☐ 16. THE REPRESENTATIVE DERIVATIVE PLAINTIFF'S NAME: (if "Derivative Plaintiff" is deceased) _____

☐ 17. THE REPRESENTATIVE PLAINTIFF'S DERIVATIVE ADDRESS (if "Derivative Plaintiff" is deceased): _____

☐ 18. THE REPRESENTATIVE DERIVATIVE PLAINTIFF was appointed as Administrator of the Goods, Chattels and Credits which were of the "Derivative Plaintiff" on

3

_____, by the Surrogate Court, County of _____, State of New York.

☐ 19. THE REPRESENTATIVE DERIVATIVE PLAINTIFF was appointed as Executor of the Estate of the "Derivative Plaintiff" on _____, by the Surrogate Court, County of _____, State of New York.

☑ 20. Injured Plaintiff, as aforementioned, is an individual and a resident of the State of New York residing at the aforementioned address.

☐ 21. Injured Plaintiff, as aforementioned, is an individual and a resident of (if other than New York) _____, and resides at the aforementioned address.

☐ 22. Representative Plaintiff, as aforementioned, is a resident of the State of New York, residing at the aforementioned address.

☐ 23. Representative Plaintiff, as aforementioned, is an individual and a resident of (if other than New York)_____, and resides at the aforementioned address.

☐ 24. Representative Plaintiff, as aforementioned, brings this claim in his/her representative capacity, as aforementioned on behalf of the Estate of the Decedent Plaintiff.

☐ 25. Derivative Plaintiff, as aforementioned, is a resident of the State of New York, residing at the aforementioned address.

☐ 26. Derivative Plaintiff, as aforementioned, is an individual and a resident of (if other than New York)_____, and resides at the aforementioned address.

☐ 27. Representative Derivative Plaintiff, as aforementioned, is a resident of the State of   New York, residing at the aforementioned address.

☐ 28. Representative Derivative Plaintiff, as aforementioned, is an individual and a resident of (if other than New York)_____, and resides at the aforementioned address.

☐ 29. Representative Derivative Plaintiff, as aforementioned, brings this claim in his/her representative capacity, as aforementioned, on behalf of the Estate of the Derivative Plaintiff.

☐ 30. The Derivative Plaintiff and or the Representative Derivative Plaintiff in his or her representative capacity on behalf of the estate of the Decedent Derivative Plaintiff was the:

    ☐ a. SPOUSE at all relevant times herein, was lawfully married to Plaintiff, and brings this derivative action for her/his loss due to the injuries sustained by her husband/his wife, Injured Plaintiff.

    ☐ b. Other: (If checked, attach Rider)

*Instructions: To the extent that plaintiff has specificity as to the information to be placed within the columns of the chart below, such should be provided. Additionally, to the extent that the plaintiff has specificity as to differing areas or floors within a particular building or location, a separate line entry should be made for each area or floor within a building within which they worked. If plaintiff is unable at this time to enunciate a response to a particular column heading, the applicable column should be marked with an "☑." (See Sample Chart below)*

*Each sub-paragraph shall be deemed to allege: "The Injured Plaintiff at times relevant to the claims herein, worked at (address/location) on or at (the floor or area) for the following (dates of employment), while in the employ of (name of employer), maintaining the position of (job title), performing the activities of (job activity) and worked at said location for approximately (hours), working in the following shift (shift worked). i.e., "The Injured Plaintiff at times relevant to the claims herein, worked at 500 Broadway, on the 2nd floor, for the following dates, 10/1/01-6/1/02, while in the employ of ABC Corp, maintaining the position of cleaner and performing activities including debris removal and worked on and/or at said floor or area for approximately 20 hours, working the 8AM – 5PM shift."*

☑ 31. The Injured Plaintiff worked at the address/location, on the following floors or areas, for following dates of employment, for the employer, in the job title of, performing the job activity of and for the number of hours, and for the shift worked, as specified on the following page.

5

*Sample Chart*

|   |     | ADDRESS/ LOCATION | FLOOR(S)/ AREAS | DATES OF EMPLOYMENT | NAME OF EMPLOYER | JOB TITLE | JOB ACTIVITY | HOURS WORKED | SHIFT WORKED | Percent Of Total Hours |
|---|-----|-------------------|-----------------|---------------------|------------------|-----------|--------------|--------------|--------------|------------------------|
| ☑ | 31a | *500 Broadway*    | 2               | *10/1/01-6/1/02*    | *ABC CORP.*      | *CLEANER* | DEMOLITION/DEBRIS REMOVAL | 20 | 8AM-5PM | 50 |
| ☑ | 31b | *1600 Broadway*   | 2               | *11/1/01-11/15/01*  | *ABC CORP.*      | *CLEANER* | X            | 10           | X            | 25                     |
| ☑ | 31c | *1600 Broadway*   | basement        | *12/15/01-12/16/01* | *XYZ Corp.*      | *CLEANER* | X            | 10           | X            | 25                     |
|   |     |                   |                 |                     |                  |           | Total Hours Worked: | 40 |   |   |

| | | ADDRESS/LOCATION | Floor(s)/ Areas | DATES OF EMPLOYMENT | NAME OF EMPLOYER | JOB TITLE | Job Activity | HOURS WORKED | Shift Worked | Percent Of Total |
|---|---|---|---|---|---|---|---|---|---|---|
| ☑ | 31a. | 100 Church Street - | To Be Supplied for all Sites Listed | 01/01/2002-01/31/2002 - | Branch | Asbestos Cleaner | To Be Provided | 256 - | To Be Supplied for all Sites Listed | 17.1% - |
| ☑ | 30b. | 114 Greenwich St - | | 09/11/2001-11/15/2001 - | | | | 536 - | | 35.8% - |
| ☑ | 30c. | Century 21 - | | 10/24/2001-02/12/2002 - | Same As Above | Same As Above | | 704 - | | 47.1% - |
| ☐ | 30d. | | | | Same As Above | Same As Above | | | | |
| ☐ | 30e. | | | | | | | | | |
| ☐ | 30f. | | | | | | | | | |
| ☐ | 30g. | | | | | | | | | |
| ☐ | 30h. | | | | | | | | | |
| ☐ | 30i. | | | | | | | | | |
| ☐ | 30j. | | | | | | | | | |
| ☐ | 30k. | | | | | | | | | |
| ☐ | 30l. | | | | | | | | | |
| ☐ | 30m. | | | | | | | | | |
| ☐ | 30n. | | | | | | | | | |
| ☐ | 30o. | | | | | | | | | |
| ☐ | 31p. | | | | | | | | | |
| ☐ | 31q. | | | | | | | | | |
| ☐ | 31r. | | | | | | | | | |
| | 31s | | | | | | | | | |

☐ Other (if checked, attach Rider and continue with same format for sub-divisions)

The plaintiff worked for the total number of hours as indicated below:

| ☑ 31t. | Total Hours Worked: 1496 |
|---|---|

☑ 32. The Injured Plaintiff was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above, unless otherwise specified.

☑ 33. The Injured Plaintiff was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above, unless otherwise specified.

☑ 34. The Injured Plaintiff was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above, unless otherwise specified.

☑ 35. The Plaintiff, and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has not made a claim to the Victim Compensation Fund. Therefore, pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. 40101, the issue of waiver is inapplicable.

☑ 36. The Plaintiff and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has made a claim to the Victim Compensation Fund, which claim was not deemed "substantially complete." The plaintiff therefore has not waived the "right to file a civil action (or be party to an action) in any Federal or State Court for damages sustained as a result of the terrorist aircraft crashes of September 11, 2001, except for civil actions to recover collateral source obligations." 49 U.S.C. 40101 at Section §405 (c)(3)(B).

☑ 37. The Plaintiff and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has made a claim to the Victim Compensation Fund, which claim deemed "substantially complete" by the Fund. The plaintiff therefore has therefore waived the "right to file a civil action (or be party to an action) in any Federal or State Court for damages sustained as

8

a result of the terrorist aircraft crashes of September 11, 2001, except for civil actions to recover collateral source obligations." 49 U.S.C. 40101 at Section §405 (c)(3)(B).

☑ 38. The Plaintiff and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has made a claim to the Victim Compensation Fund that was granted by the Fund. The plaintiff therefore waived the "right to file a civil action (or be party to an action) in any Federal or State Court for damages sustained as a result of the terrorist aircraft crashes of September 11, 2001, except for civil actions to recover collateral source obligations." 49 U.S.C. 40101 at Section §405 (c)(3)(B).

☑ 39. The Plaintiff and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has made a claim to the Victim Compensation Fund that was deemed ineligible prior to a determination of being substantially complete.

☑ 40. The Plaintiff and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has made a claim to the Victim Compensation Fund that was deemed ineligible subsequent to a determination of being substantially complete.

☑ 41. The allegations in the body of the Master Complaint, are asserted as against each defendant as checked off below. If Plaintiff asserts additional allegations, buildings, locations and/or defendants plaintiffs should follow the procedure as outlined in the CMO# __ governing the filing of the Master Complaint and Check-off Complaints.

☑ 42. The specific Defendants alleged relationship to the property, as indicated below or as otherwise the evidence may disclose, or their role with relationship to the work threat, gives rise to liability under the causes of actions alleged, as referenced in the Master Complaint.

*Instruction: The Defendant(s) names in the Master Complaint are re-stated below. The Defendant's are listed by reference to the building and/or location at which this specific plaintiff alleges to have worked. Each sub- paragraph shall be deemed to allege: "With reference to (address), the defendant (entity) was a and/or the (relationship) of and/or at the subject property and/or in such relationship as the evidence may disclose," (i.e. With reference to 4 Albany*

9

*Street, defendant Bankers Trust Company, was the owner of the subject project and/or in such*

*relationship as the evidence may disclose).*

☑ 43. With reference to (*address as checked below*), the defendant (*entity as checked below*) was a

and/or the *(relationship as indicated below)* of and/or at the subject property and/or in such

relationship as the evidence may disclose.

☑ (43-28) 100 CHURCH STREET
- ☑ A. THE CITY OF NEW YORK (OWNER)
- ☑ B. 100 CHURCH LLC (OWNER)
- ☑ C. ZAR REALTY MANAGEMENT CORP. (AGENT)
- ☑ D. MERRILL LYNCH & CO, INC. (OWNER)
- ☑ E. AMBIENT GROUP, INC. (CONTRACTOR)
- ☑ F. INDOOR ENVIRONMENTAL TECHNOLOGY, INC. (CONTRACTOR/AGENT)
- ☑ G. GPS ENVIRONMENTAL CONSULTANTS, INC. (CONTRACTOR/AGENT)
- ☑ H. CUNNINGHAM DUCT CLEANING CO., INC. (CONTRACTOR)
- ☑ I. TRC ENGINEERS, INC. (CONTRACTOR/AGENT)
- ☑ J. INDOOR AIR PROFESSIONALS, INC. (CONTRACTOR/AGENT)
- ☑ K. LAW ENGINEERING P.C. (CONTRACTOR/AGENT)
- ☑ L. ROYAL AND SUNALLIANCE INSURANCE GROUP, PLC (OWNER)

☑ (43-31) 22 CORTLANDT STREET (CENTURY 21)
- ☑ A. MAYORE ESTATES LLC (OWNER)
- ☑ B. 80 LAFAYETTE ASSOCIATES, LLC (OWNER)
- ☑ C. MAYORE ESTATES LLC AND 80 LAFAYETTE ASSOCIATION LLC AS TENANTS IN COMMON (OWNER)
- ☑ D. BLUE MILLENNIUM REALTY LLC (OWNER)
- ☑ E. CENTURY 21, INC. (OWNER)
- ☑ F. B.R. FRIES & ASSOCIATES, INC. (AGENT)
- ☑ G. STONER AND COMPANY, INC. (AGENT)
- ☑ H. HILLMAN ENVIRONMENTAL GROUP, LLC. (AGENT/CONTRACTOR)
- ☑ I GRUBB & ELLIS MANAGEMENT SERVICES (AGENT)

☑ (43-102) 114 GREENWICH ST
- ☑ A. SENEX GREENWICH REALTY ASSOCIATES, LLC (OWNER)

10

☐ OTHER: if an individual plaintiff is alleging injury sustained at a building/location other than as above, and/or if an individual plaintiff is alleging an injury sustained at a building/location above, but is alleging a claim against a particular defendant not listed for said building, plaintiff should check this box, and plaintiffs should follow the procedure as outlined in the CMO#__ governing the filing of the Master complaint and Check-Off Complaints.

## V – VIII.
## **CAUSES OF ACTION**

☑ 44. Plaintiffs adopt those allegations as set forth in the Master Complaint Section V-VIII, Causes of Action.

☑ 45. Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

- ☑ 45 A.  Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including § 200

- ☑ 45 B.  Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6)

- ☑ 45 C.  Common Law Negligence

- ☐ 45 D.  Wrongful Death

- ☐ 45 E.  Loss of Services/Loss of Consortium for Derivative Plaintiff

- ☐ 45 F.  Other: if an individual plaintiff is alleging an additional cause of action or additional substantive law or theory of law upon which his/or claim is based, other than as appears in this section, plaintiff should check this box, and plaintiffs should follow the procedure as outlined in the CMO#___ governing the filing of the Master Complaint and Check-Off Complaints.

☑ 46. As to the following municipal entities or public authorities, or other entity for which for which a Notice of Claim is a requirement, a Notice of Claim pursuant to the applicable statutes as referenced within the Master Complaint, has been timely served on the following dates.

11

| Name of Municipal Entity or Public Authority | Date Notice of Claim Served |
|---|---|
| The City of New York | 6/17/2007 |
|  |  |
|  |  |

☐   OTHER: If a Notice of Claim was filed against additional entities check box and attach rider

☐ 47.  As to certain municipal entities or public authorities, if specified as defendants herein, with reference to the service of a Notice of Claim: an application has been made to the _____-_____, as to: _____

☐ 47A.  to deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc*, and for _____ (insert if additional relief was requested) and:

☐ 47B.  a determination is pending

☐ 47C.  an Order granting petition was made on: _____

☐ 47D.  an Order denying petition was made on: _____

*Instructions: If an application has been made to the Court with reference to additional municipal entities or public authorities, list them in sub-paragraph format.*

*[i.e., 47-1 _____ (insert name of municipal entity or public authority or other entity)*

☐ *47-1A.   to deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim Nunc Pro Tunc, and for _____ (insert if additional relief was requested) and:*

☐ *47-1B.   a determination is pending*

☐ *47-1C.   an Order granting petition was made on: _____*

☐ *47-1D.   an Order denying petition was made on: _____ ]*

☑ 48. As a direct and proximate result of defendant's culpable actions in the clean-up, construction, demolition, excavation, and/or repair operations and all work performed at the premises, the Injured Plaintiff sustained the following injuries including, but not limited to:

*Abdominal*

☐ 48-1
Abdominal Pain
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Cancer*

☑ 48-2
Fear of Cancer
Date of onset: 2/01/2007
Date physician first connected this injury to WTC work: To Be Supplied

☐ 48-3
Tumor (of the Brain)
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-4
Leukemia
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-5
Lung Cancer
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-6
Lymphoma
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Circulatory*

☐ 48-7
Hypertension
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Death*

☐ 48-8
Death:
Date of death: _____
If autopsy performed, date _____

*Digestive*

☑ 48-9
Gastric Reflux
Date of onset: 2/01/2007
Date physician first connected this injury to WTC work: To Be Supplied

13

☐ 48-10
Indigestion
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-11
Nausea
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Pulmonary*

☐ 48-12
Asthma
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-13
Chronic Obstructive Lung Disease
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-14
Chronic Restrictive Lung Disease
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-15
Chronic Bronchitis
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-16
Chronic Cough
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-17
Pulmonary Fibrosis
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-18
Pulmonary Nodules
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 48-19
Shortness of Breath
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☑ 48-20
Sinusitis
Date of onset: 2/01/2007
Date physician first connected this injury to WTC work: To Be Supplied

*Skin*

☐ 48-21
Burns
Date of onset: _____
Date physician first connected this injury to WTC work: _____

14

☐ 48-22
Dermatitis
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Sleep Disorder*

☐ 48-23
Insomnia
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Other*

☑ 48-24
Other: Rhinitis
Date of onset: 2/01/2007
Date physician first connected this injury to WTC work: To Be Supplied

☐ If additional injuries are alleged, check here and attach Rider continuing with the same format for sub-paragraphs.

☑ 49. As a direct and proximate result of the injuries identified above the Injured Plaintiff has in the past suffered and/or will and/or may, subject to further medical evaluation and opinion, in the future, suffer the following compensable damages:

☑ 49 A. Pain and suffering

☐ 49 B. Death

☑ 49 C. Loss of the pleasures of life

☑ 49 D. Loss of earnings and/or impairment of earning capacity

☑ 49 E. Loss of retirement benefits/diminution of retirement benefits

☑ 49 F. Expenses for medical care, treatment, and rehabilitation

☑ 49 G. Mental anguish

☑ 49 H. Disabilities

☑ 49 I. Medical monitoring

☐ 49 J. OTHER (IF CHECKED ATTACH RIDER)

☐ 50. As a direct and proximate result of the injuries described *supra*, the Derivative plaintiff(s), have in the past suffered and/or will in the future suffer a loss of the love, society, companionship,

15

services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate, and or as is otherwise alleged.

## IX.
## PRAYER FOR RELIEF

☑ 51. Plaintiffs adopt those allegations as set forth in the Master Complaint Section IX., Prayer for Relief.

☐ 52. OTHER RELIEF: If plaintiff is asserting relief (other than monetary) other than as indicated above, check here and insert Relief sought: _____

If plaintiff is asserting monetary relief in amounts different than as alleged within the Master Complaint, Check this box ☐ and fill in the WHERFORE clause below:

WHEREFORE, the above-named Plaintiff demands judgment against the above-named Defendants in the amount of _____ DOLLARS ($_____), on the First Cause of Action; and in the amount of _____ DOLLARS ($_____) on the Second Cause of Action; and in the amount of _____ DOLLARS ($_____) on the Third Cause of Action; and Derivative Plaintiff demands judgment against the above named Defendants in the amount of _____ DOLLARS ($_____), on the Fourth Cause of action; and Representative Plaintiff demands judgment against the above named Defendants in the amount of _____ DOLLARS ($_____) on the Fifth Cause of Action, and as to all demands for Relief, and or as determined by a Jury or this Court, jointly and severally, for general damages, special damages, and for his/her attorney's fees and costs expended herein and in a non-specified amount to be dertermined by a Jury or this Court for punitive and exemplary damages, and for prejudgment interest where allowable by law and post judgment interest on the judgment at the rate allowed by law; and Plaintiff seeks such other relief as is just and equitable.

## X.
## JURY TRIAL DEMAND

☑ 53. Plaintiffs adopt those allegations as set forth in the Master Complaint Section X, Jury Trial Demand.

If Riders are annexed check the applicable BOX indicating the paragraphs for which Riders are annexed.

☐ Paragraph 31

☐ Paragraph 44

☐ Paragraph 48

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

Dated: New York, New York
September 10, 2007

Yours, etc.

By: Christopher R. LoPalo (CL 6466)
Worby Groner Edelman & Napoli Bern, LLP
Attorneys for Plaintiffs
115 Broadway 12th Floor
New York, NY 10006
Tel: (212) 267-3700
Fax: (212) 587-0031

## ATTORNEY VERIFICATION

CHRISTOPHER R. LOPALO, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above-entitled action. That he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:   New York, New York
         September 10, 2007

_____
CHRISTOPHER R. LOPALO

Docket No:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================================

Janeth Castro,

                                                Plaintiff(s)

- against -

SEE ATTACHED RIDER.,

                                                Defendant(s).
================================================================

**SUMMONS AND VERIFIED COMPLAINT**
================================================================

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**

*Attorneys for:* Plaintiff(s)
*Office and Post Office Address, Telephone*
115 Broadway - 12th Floor
New York, New York 10006
(212) 267-3700
================================================================

To
Attorney(s) for
================================================================

Service of a copy of the within

                            is hereby admitted.

Dated,

                _____

Attorney(s) for
================================================================

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**
    that the within is a (certified) true copy of an
    duly entered in the office of the clerk of the within named court on_____20__

☐ **NOTICE OF SETTLEMENT**
    that an order _____ of which the within is a true copy
    will be presented for settlement to the HON. _____ one of the
    judges of the
    within named Court, at
    on _____ 20____ at _____ M.
    Dated,

                Yours, etc.,
                **WORBY GRONER EDELMAN & NAPOLI BERN, LLP**
================================================================